976 F.2d 1445
 298 U.S.App.D.C. 141
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ronald C. TERRY and Christopher J. Menne, Petitioners,
v.
James BUSEY, Administrator Federal Aviation Administration,
Respondent.
 No. 91-1414.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 21, 1992.
Rehearing En Banc Denied Nov. 24, 1992.
 
 Before MIKVA, Chief Judge, and WALD and RUTH BADER GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition was considered on the record from the Federal Aviation Administration and on the briefs and oral arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the petition does not warrant a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review be denied, and that the decision of the Administration be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Petitioners, two aircraft pilots, challenge a decision by the Administrator of the Federal Aviation Administration (FAA or Administration) finding that the pilots violated safety provisions of the Federal Aviation Regulations "by failing to listen attentively to tower control's take off clearance," and consequently acting on another plane's clearance. FAA Decision and Order, served April 12, 1991, at 10. The FAA waived any monetary sanction for the violations, however, because both pilots timely filed reports of the incident. Id. at 5 n. 9. The FAA, furthermore, acknowledged that, once the pilots read back the clearance they thought they had heard, "the local [air traffic] controller should have caught [the pilots'] error and stopped them from acting on another aircraft's takeoff clearance." Id. at 6. Nevertheless, the Administrator considered the controller's lapse only a mitigating, not an exonerating, factor in the FAA's assessment of pilot fault. Id. at 7.
 
 
 5
 The pilots concentrate their petition to this court on the "glaring conflict" they perceive in the FAA's role as adjudicator of pilot air safety rule violations under the civil penalty program and the agency's "mandate to defend FAA employees [among them, air traffic controllers] in tort actions." Brief for [Petitioners] at 9. Petitioners regard this conflict as the source of inherent institutional bias incompatible with due process. Counsel for petitioners conceded at oral argument that a rational, impartial tribunal could have reached the decision made in this case by the FAA and that petitioners do not allege any actual pattern of abuses by the FAA as decisionmaker. Counsel further acknowledged that, to the extent petitioners attacked the relationship of administrative law judges (ALJs) to the agency, their challenge is academic. The ALJ in this case was an employee of the Department of Labor; moreover, he ruled in favor of the pilots.[1]
 
 
 6
 We note that the FAA no longer serves as adjudicator under the civil penalty program. Congress very recently transferred that function to the National Transportation Safety Board (NTSB), which already had responsibility for adjudicating proceedings brought by the FAA to revoke or suspend a pilot's certificate. See Civil Penalty Administrative Assessment Act of 1992, P.L. 102-345 (September 24, 1992). The House Report accompanying the measure "emphasized that we are not transferring these cases because we have found any unfairness in the way FAA has handled these cases." H.R.Rep. No. 102-671, 102d Cong., 2d Sess. 9 (1992) (also noting "perceptions of [FAA] unfairness" but stating that "these perceptions have no basis in reality").
 
 
 7
 On the merits, there was substantial evidence to sustain the decision of the Administrator. Even the ALJ, who ruled for petitioners, found it "clear from the tape that [the pilots] did not in fact get the clearance from the controller to taxi onto [the] runway." Transcript of Hearing before ALJ, April 4, 1990, reproduced in Appendix for Respondent at 215. As the Administrator observed, it is NTSB precedent "that an [air traffic controller] tape creates a rebuttable presumption that a message is received as transmitted," FAA Decision at 7 n. 10 (citation omitted), and the pilots "ha[d] not successfully rebutted that presumption in this case." Id.[2]
 
 
 8
 Dispositive for our review, petitioners have come forward with no evidence that the conflict of interest they perceive and highlight had any impact on the FAA's adjudication of their particular case. Because an accident was averted, the FAA has no tort-claim-driven reason in this instance to place blame on the commercial airline pilots rather than on the air traffic controller, who is an FAA employee. In any event, the Administrator's decision indicates that both pilots and air controller erred in the matter here at stake. Petitioners' vague but insistent references to a different case in another part of the country are unavailing, for that other case forms no part of the record before us. Nor have petitioners shown that the Administrator's ruling against them deviates in any way from FAA or NTSB decisional law.
 
 
 9
 Petitioners also assail the FAA's conduct of civil penalty proceedings as inconsonant with the separation of functions requirement of the Administrative Procedure Act (APA), 5 U.S.C. § 554(d). We do not dwell on this argument. It suffices to note that the FAA's separation of function regulations, 14 C.F.R. § 13.203, measure up to the APA requirement and no departure from those regulations has been alleged or shown here.
 
 
 10
 It may be stern to find three violations in a single slip (inattentive listening to clearance message), but the FAA did refrain from imposing a monetary penalty and it recognized that air traffic controller inadvertence combined with the pilots' error in causing the dangerous operation in question. Mindful of the respect courts owe to the agency's expert judgment on matters of air safety, see Haines v. Department of Transportation, 449 F.2d 1073, 1076 (D.C.Cir.1971), we have no cause, in the circumstances this case presents, to disturb the Administrator's decision.
 
 
 
 [1]
 The Administrator, although indicating no disagreement with the ALJ's findings of historic fact, held that the ALJ erred in applying the "beyond a reasonable doubt" burden of proof standard drawn from criminal law instead of the civil case "preponderance of reliable, probative, and substantial evidence" proof standard. Further and dispositively, the Administrator determined that the ALJ's ultimate conclusions were not in accord with guiding law, precedent, and public policy. See Order Denying Petition for Reconsideration, served August 2, 1991, at 2
 
 
 [2]
 The Administrator's conclusion that the pilots were inattentive is all the more rational in view of the pilots' shifting positions. Before the ALJ, they claimed that they heard their flight identified in the controller's clearance; on brief in this court, they asserted that they did not hear any flight identified in the clearance when they switched from the ground control frequency to the tower control frequency. Compare Transcript at 119, 121, 122, 133, 156 with Brief for [Petitioners] at 4